IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | Criminal Case No. 3:06-cr-256-WKW |
| | ) | |
| RAMON CONTRERAS-RODRIGUEZ | ) | |

## MOTION TO SUPPRESS

COMES NOW Defendant, by and through his attorney of record, and prays that the Court will suppress all evidence acquired by the government pursuant to the execution of a search warrant on or about October 12, 2006, at 201 Trejo Trail, Tallassee, Alabama, and in support of which would show as follows:

Defendant Contreras-Rodriguez has been charged with a violation of 18 U.S.C. 922(g)(5) in that, as a prohibited person, he possessed firearms. The indictment stemmed from the alleged discovery in Defendant's home of three weapons.

The alleged evidence seized should be suppressed for the following reasons:

The subject property is the home of Defendant. He had a legitimate and reasonable expectation of privacy in his home, and that expectation was one that society is "prepared to recognize as reasonable." *Katz v. U.S.*, 389 U.S. 347, 361 (1967).

The affidavit in support of the application for a search warrant in this case fails to show probable cause for the search of the subject property. The affidavit does not show on its face that there was any reason to believe that the specific residence in question contained contraband or fruits or instrumentalities of a crime.

"Attachment A" to the affidavit merely recites the musings and speculations of the affiant regarding what sorts of documents and things might be found in connection with an investigation

into "harboring and employing illegal aliens." There is nothing to suggest that Defendant was harboring or employing illegal aliens. There are no facts to suggest that Defendant possessed any such documents or things, or that they had been stored at his house. There is no averment that any informant had ever seen such things in the possession of Defendant or at his residence.

The Supreme Court wrote in *Ybarra v. Illinois*, 444 U.S. 85, 91 (1979) that "[w]here the standard is probable cause, a search or seizure of a person must be supported by probable cause *particularized with respect to that person*." (emphasis added). Cited in *U.S. v. Wai-Keung*, 115 F.3d 874, 878 (11th Cir.,1997)(Barkett, J., concurring in part and dissenting in part). In this case particularized probable cause was required for the issuance of a search warrant, but it did not exist.

There is no question that a warrant affidavit must show that there is a fair probability that contraband or evidence of a crime will be found at the particular place to be searched. See *Illinois v. Gates*, 462 U.S. 213, 238 (1983); *U.S. v. Jiminez*, 224 F.3d 1243, 1247 (11th Cir., 2000). Whether the search warrant affidavit in this case offers sufficient facts to establish probable cause of a federal crime is a question of law, *United States v. Tobin*, 923 F.2d 1506, 1510 (11th Cir.) (en banc); *U.S. v. Miller*, 24 F.3d 1357, 1360 (11th Cir., 1994), and is reviewable by both this Court and the Court of Appeals. If the affidavit does not set forth sufficient facts, particularized as to this defendant, the warrant is defective and the evidence collected must be suppressed. In this case, there are **no** facts presented that would give rise to probable cause, only the speculations and suppositions of the affiant.

Defendant is cognizant of the *Leon* rule which holds that suppression is required, "only if the officers were dishonest or reckless in preparing their affidavit or could not have harbored an objectively reasonable belief in the existence of probable cause." *U.S. v. Leon*, 468 U.S. 897,

926 (U.S.1984); quoted in *U.S. v. Accardo*, 749 F.2d 1477, 1480 (11th Cir.,1985).  This case illustrates, however, that the agent objectively knew he had no "facts" on which to base probable cause for a search, which is why he supported his affidavit with what "usually" happens in harboring cases.  And the learned Magistrate Judge, it is respectfully submitted, should have recognized the absence of facts and the absence of particularized suspicion.

WHEREFORE, the premises considered, Defendant prays that the Court will grant his motion to suppress all evidence derived from the unlawful search of his residence.

In addition to the foregoing, Defendant expressly adopts all other motions to suppress previously filed, or which may be filed, by any other defendant.

RESPECTFULLY SUBMITTED, this __5th__ day of December, 2006.

/s/ JAY LEWIS
Law Offices of Jay Lewis, L.L.C.
P.O. Box 5059
Montgomery, Alabama 36103
(334) 263-7733 (Voice)
(334) 832-4390 (Fax)
J-Lewis@JayLewisLaw.com
ASB-2014-E66J
Attorney for Defendant

### CERTIFICATE OF SERVICE

I hereby certify that on the _5th_ day of December, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following parties or counsel:

Todd Brown
Office of the United States Attorney
One Court Square, Suite 201
Montgomery, AL 36104

/s/ JAY LEWIS
Law Offices of Jay Lewis, L.L.C.
P.O. Box 5059
Montgomery, Alabama 36103

(334) 263-7733 (Voice)  
(334) 832-4390 (Fax)  
J-Lewis@JayLewisLaw.com  
ASB-2014-E66J  
Attorney for Defendant