IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | Criminal Case No. 3:06-cr-256-WKW |
| | ) | |
| RAMON CONTRERAS-RODRIGUEZ | ) | |

**REPLY TO RESPONSE TO MOTION TO SUPPRESS**

COMES NOW Defendant, by and through his attorney of record, and prays that the Court will grant him leave to reply to the government's response to his motion to suppress evidence, and if leave is granted would show as follows:

1. Defendant first moves to strike Exhibits 6 and 7 to the government's response on the grounds that they are documents created after the search in question and are not relevant to establish probable cause for the search in question.

2. Defendant notes that it was only "during the course of executing the search warrant [that] agents later identified this residence as belonging to Contreras and a female by the name of Nadia Torres ("Torres")." (Doc. 25 [Response], ¶ 1)  This is facial evidence that prior to the search, agents had not formed a reason to connect Defendant or Torres with this particular property.

3. While preliminary investigation indicated that Torres had been paid for work performed (Doc. 25 [Response], ¶ 9), there was no averment in the affidavit in support of application for search warrant that connected her with the residence at 201 Trejo Trail, ergo, no probable cause to believe that Torres or any other illegal alien resided there.

4. The government avers that agents Donovan and White spoke "with the compound's residents" and determined that SEVERAL of them were in the United States illegally

(Doc. 25, ¶ 9), but the government also admits that other compound residents were legal aliens (Doc. 25 [Exhibit 4], p. 15 of 23). There is no averment of facts giving rise to probable cause to believe that 201 Trejo Trail housed any illegal – as opposed to legal – aliens.

5. While the government delights in characterizing Defendant's residence as a component of a "compound", it is more properly characterized as a separate residence in a neighborhood, albeit a neighborhood in which all houses are owned by the same lessor. The government could no more search this particular residence without probable cause than it could search an individual apartment because of evidence that illegal activity was taking place in an apartment complex. Particularized facts relating to that particular residence are simply nonexistent.

6. Defendant submits that the government has failed to establish facts sufficient to establish probable cause for the search of the home in question, and that all evidence seized as a consequence of that search must be suppressed.

7. Defendant prays that the Court will set this matter down for a hearing.

RESPECTFULLY SUBMITTED, this __14th__ day of December, 2006.

/s/ JAY LEWIS
Law Offices of Jay Lewis, L.L.C.
P.O. Box 5059
Montgomery, Alabama 36103
(334) 263-7733 (Voice)
(334) 832-4390 (Fax)
J-Lewis@JayLewisLaw.com
ASB-2014-E66J
Attorney for Defendant

## CERTIFICATE OF SERVICE

      I hereby certify that on the _14th_ day of December, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following parties or counsel:

Todd Brown
Office of the United States Attorney
One Court Square, Suite 201
Montgomery, AL 36104

                                              /s/ JAY LEWIS
                                              Law Offices of Jay Lewis, L.L.C.
                                              P.O. Box 5059
                                              Montgomery, Alabama 36103
                                              (334) 263-7733 (Voice)
                                              (334) 832-4390 (Fax)
                                              J-Lewis@JayLewisLaw.com
                                              ASB-2014-E66J
                                              Attorney for Defendant