IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v | ) | CR. NO. 3:06cr256-WKW |
| | ) | (WO) |
| RAMON C. RODRIGUEZ | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. Introduction**

The defendant, Ramon C. Rodriguez ("Rodriguez"), is charged with one count of the unlawful transport of firearms in violation of 18 U.S.C. § 922. On December 5, 2006, Rodriguez filed a motion to suppress, in which he asserts that the warrant authorizing the search of his residence was not supported by probable cause. (Doc. No. 23.) Based on a review of the search warrant application and attached affidavit and the argument of the parties, the court concludes that the motion to suppress is due to be denied.[1]

**II. Discussion**

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. CONST. AMEND. IV.[2] "The Amendment protects persons against unreasonable searches of

---

[1] Rodriguez contends that the search warrant affidavit on its face fails to establish probable cause. (Doc. No. 23, p. 1.) Consequently, the court will only consider information within the "four corners" of the affidavit to determine the validity of the warrant to search Rodriguez's residence. *See Donovan v. Mosher Steel Co.*, 791 F.2d 1535 (11th Cir. 1986), *quoting Aguilar v. Texas*, 378 U.S. 108, 109 n. 1 (1964) ("'It is elementary that in passing on the validity of a warrant, the reviewing court may consider only information brought to the magistrate's attention' – that is, within the four corners of the warrant application."). Thus, an evidentiary hearing on the motion to suppress is unnecessary.

[2] Specifically, the Fourth Amendment provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and

"their persons [and] houses." *Minnesota v. Carter*, 525 U.S. 83, 88 (1998). Evidence seized as the result of an illegal search may not be used by the government in a subsequent criminal prosecution. *U.S. v. Martin*, 297 F.3d 1308, 1312 (11th Cir. 2002).

The Fourth Amendment further provides that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." Probable cause to support a search warrant exists when "there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983); *U.S. v. Brundidge*, 170 F.3d 1350, 1352 (11th Cir. 1999). In other words, "[t]he focus in a warrant application is usually on whether the suspect committed a crime and whether evidence of the crime is to be found at his home or business.'" *Martin*, 297 F.3d at 1314, *quoting U.S. v. Procopio*, 88 F.3d 21, 28 (1st Cir. 1996).

In this case, Jonathan E. Harrison ("Agent Harrison"), an Immigration and Customs Enforcement Special Agent for the United States Department of Homeland Security, applied for a warrant to search several leased residences located off of 1468 Hicks Store Road in Tallassee, Alabama.[3] In the affidavit supporting the application for the warrant, Agent Harrison thoroughly explained his reasons for believing that evidence of the harboring and

---

no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

[3] The warrant application and affidavit indicate that 1468 Hicks Store Road includes six residential houses, including a mobile home on 201 Trejo Trail. The motion to suppress indicates that the evidence against Rodriguez was seized from 201 Trejo Trail.

employment of illegal aliens would be found on the property. Given the lengthy and detailed nature of the warrant application, the court will provide a brief summary of the information included in the affidavit. According to the affiant, Octavio Trejo Patino ("Patino") and Ronda Baird ("Baird") were the lessors of several residences located on 1468 Hicks Store Road. Tax and probate records also indicated that Patino and Baird were the owners of the property located at 1468 Hicks Store Road. Bank records indicated that several checks and wire transfers were made from a checking account held by the lessors' corporation, Rapid Drywall Subcontractors, to individuals with fraudulent residence alien cards. The affidavit further states that, on August 17, 2006, an Alabama Bureau of Investigations agent and a Tallapoosa County Sheriff's Office investigator conducted a "knock and talk" at 1468 Hicks Store Road and that approximately twelve residents were identified as illegal aliens. These individuals admitted to being in the United States illegally and residing on the property owned by Patino and Baird. After Patino acknowledged to law enforcement officials that he had previously lied to investigators about the illegal aliens, he asked Baird's daughter to retrieve keys "to unlock the residences occupied by the legal and illegal aliens." (Doc. No. 25-2, p. 16.) When Baird's daughter returned, Patino indicated that the keys on the key chain were for all the buildings on the property. Investigation of Rapid Drywall Subcontractors' checking account indicated that payments were made to eight of the twelve identified illegal aliens on the property. Agent Harrison also stated that, based on his training and experience, he knows that several types of contraband, including identification documents and checking account records, are usually maintained by those engaged in harboring and employing illegal

aliens in "a location where they are readily accessible, most often in a residence, or on properties which the person[s] engaged in their business activities, feel safe because they or their family members and/or very close associates maintain and control the property." (*Id*., p. 17.)

Having summarized the relevant facts, the court will now turn to Rodriguez's argument that the affidavit in support of the search warrant application fails to demonstrate probable cause to search his residence. Rodriguez argues that the affidavit is insufficient to establish probable cause because it does not suggest that he personally harbored or employed illegal aliens. (Doc. No. 23, p. 2.) Rodriguez further contends that the affidavit does not include any facts which suggest that he possessed or stored any documents or other fruits or instrumentalities of a crime. (*Id*.) In addition, he argues that the affidavit fails to include any specific information connecting him or any illegal alien to the mobile home at 201 Trejo Trail. (Doc. No. 26, pp. 1-2.)  Rodriguez's focus on his personal involvement in the harboring of illegal aliens is misplaced.  The issue in this case is not whether the affidavit included facts demonstrating that Rodriguez harbored illegal aliens; the appropriate question is whether the affidavit established probable cause to believe that the lessors of Rodriguez's residence were harboring or employing illegal aliens and whether evidence of the crime could be found on their property which included Robdruguez's residence. *See Martin*, *supra.*

This court must look to the totality of the circumstances to determine whether probable cause existed. *See Illinois v. Gates*, *supra*. The affidavit indicates that Patino and Baird were the lessors of all of the property on 1468 Hicks Store Road, including the 201

4

Trejo Trail residence, that several tenants on the property admitted to law enforcement officials that they were illegal aliens, and that bank records indicated that payments from the lessors' corporation were made to eight of the twelve identified illegal aliens on the property. Thus, the affidavit sufficiently demonstrates a fair probability that lessors Patino and Baird were harboring or employing illegal aliens and that evidence of that crime could be found on their property, including the property leased to tenants in separate residences along 1468 Hicks Store Road. Search of the various residences was permissible because there was probable cause to believe that evidence would be found there establishing that the residents were illegal aliens. Therefore, based on the totality of the circumstances, this court concludes that there was probable cause to issue the warrant to search all of the residences along 1468 Hicks Store Road which were owned or leased by Patino and Baird. Consequently, the motion to suppress evidence seized from the 201 Trejo Trail residence should be denied.

### III. Conclusion

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the defendant's motion to suppress be denied. It is further

ORDERED that the parties shall file any objections to the said Recommendation on or before **January 21, 2007.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District

5

Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 8th day of January, 2007.

/s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE