IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | Criminal Case No. 3:06-cr-256-WKW |
| ) | |
| RAMON CONTRERAS-RODRIGUEZ ) | |

**OBJECTION TO RECOMMENDATION OF THE MAGISTRATE JUDGE**

COMES NOW Defendant, by and through his attorney of record, and prays that the Court will overrule the recommendation of the Magistrate Judge and will suppress all evidence acquired by the government pursuant to the execution of a search warrant on or about October 12, 2006, at 201 Trejo Trail, Tallassee, Alabama, and in support of which objection would show as follows:

Defendant Contreras-Rodriguez has been charged with a violation of 18 U.S.C. 922(g)(5) in that, as a prohibited person, he possessed firearms. The indictment stemmed from the alleged discovery in Defendant's home of three weapons during a search of several private homes.

It is respectfully suggested that the learned Magistrate Judge was in error when he found that the affidavit in support of the search warrant in this case was sufficient to justify the issuance of that warrant.

Defendant acknowledges that the targets of the investigation, Patino and Baird, were the lessors of the residence at 201 Trejo Trail. That fact, however, even coupled with what the agent speculated about whether there was a fair probability of finding evidence tending to prove that the residents of some or all of those residences might be found to be illegal aliens, is insufficient to establish probable cause to search that particular residence.

There is no averment in the affidavit that Defendant Rodriguez was one of the persons to whom the agent spoke during his "knock and talk" tour of the neighborhood or that, if he was, he was identified as an illegal alien. There was no averment in the affidavit that any informant had told the agent that any evidence had been seen at THAT particular home or that evidence was likely to be found at THAT particular home. Defendant respectfully suggests, as he did in his motion to suppress, that particularized probable cause is required for the issuance of a search warrant. As noted in the cases cited in support of his motion, the Supreme Court of the United States appears to agree.

The recommendation of the Magistrate Judge seems to place some importance on the fact that the search warrant was for "[Patino's and Baird's] property which included Rodriguez's residence." Defendant submits that the targets' ownership of the property must give way to Defendant's possessory interest in his home at the time of the search and his reasonable expectation of privacy in it. Nothing in the affidavit is sufficiently particularized as to Defendant or his home to justify the issuance of a search warrant.

Defendant otherwise adopts as if set forth herein all arguments and authorities cited in his motion to suppress.

WHEREFORE, the premises considered, Defendant prays that the Court will overrule the recommendation of the esteemed Magistrate Judge in this case and will grant his motion to suppress all evidence derived from the unlawful search of Defendant's residence.

RESPECTFULLY SUBMITTED, this __8th__ day of January, 2007.

/s/ JAY LEWIS
Law Offices of Jay Lewis, L.L.C.
P.O. Box 5059
Montgomery, Alabama 36103

(334) 263-7733 (Voice)  
(334) 832-4390 (Fax)  
J-Lewis@JayLewisLaw.com  
ASB-2014-E66J  
Attorney for Defendant

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the _8th_ day of January, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following parties or counsel:

Todd Brown  
Office of the United States Attorney  
One Court Square, Suite 201  
Montgomery, AL 36104

/s/ JAY LEWIS  
Law Offices of Jay Lewis, L.L.C.  
P.O. Box 5059  
Montgomery, Alabama 36103  
(334) 263-7733 (Voice)  
(334) 832-4390 (Fax)  
J-Lewis@JayLewisLaw.com  
ASB-2014-E66J  
Attorney for Defendant